UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JODY C. MANN,

    Petitioner,

v.                                                 Case No:  2:15-cv-374-FtM-38MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on Petitioner's Notice of Voluntary Dismissal (Doc. 19) filed on February 8, 2016. Petitioner advises the Court that he "dismisses this Petition for Writ of Habeas Corpus . . . ." *Id.* at 1. Because Respondent filed a Response to the Petition (Doc. 14), the Court construes the notice of voluntary dismissal as a motion pursuant to Fed. R. Civ. P. 41(a) (2).[2]

Rule 41(a) (2), permits the Court to order a dismissal of an action "on terms that the court considers proper." *Id.* Absent a contrary indication, a dismissal under Rule

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2]**Error! Main Document Only.**Habeas Corpus Rule 11 permits application of the Federal Rules of Civil Procedure to habeas proceedings "to the extent that they are not inconsistent with any statutory provisions or [the habeas] rules." *Rules Governing Section 2254 Cases in the United States District Courts*, R. 11.

41(a) (2) is without prejudice. *Id.* Respondent has not filed a response opposing Petitioner's motion. *See* docket. Consequently, the Court deems the motion unopposed. Local R. 3.01(b), M.D. Fla. Further, the Court independently discerns no identifiable prejudice to Respondent as a result of granting a voluntary dismissal of this action.

Accordingly, it is now **ORDERED**:

1. Petitioner's Notice of Voluntary Dismissal (Doc. 19) construed as a Motion pursuant to Fed. R. Civ. P. 41(a) (2) is **GRANTED** and the Petition (Doc. 1) is **DISMISSED** without prejudice.[3]

2. The **Clerk of the Court** shall enter judgment accordingly, terminate any pending motions and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of January, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

Copies:
Petitioner
All Parties of Record

---

[3] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. *See* 28 U.S.C. § 2244(d). The one-year period normally runs from date upon which the conviction became final, see § 2244(d)(1), but the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted. *See* 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4 (2000). The time in which a federal habeas petition is pending, however, does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001) (construing 28 U.S.C. § 2244(d) (2)). Therefore, the fact that the instant petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.